**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| UNITED STATES OF AMERICA, Plaintiff, v. JOHN MARK FELTON, Defendant. | 3:09-CR-00124-RRB-DMS **FINAL REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS INDICTMENT [Doc. 31]** |
|---|---|

## I. INTRODUCTION

Defendant John Mark Felton (hereafter Felton) has been charged with one count of interstate travel with intent to engage in a sexual act with a child under the age of twelve in violation of 18 U.S.C. § 2241(c). The indictment reads as follows:

> On or about November 16, 2009, in the District of Alaska and elsewhere, the defendant, JOHN MARK FELTON, did knowingly cross a state line while traveling from Boston, Massachusetts to the State of Alaska, with the intent to engage in a sexual act with a person who has not attained the age of 12 years, that is a six-(6)-year-old boy. All of which is in violation of Title 18, United States Code, Section 2241(c).

(Doc. 7). The basis of the charge against Felton stems from the allegation that Felton was the author of various internet chats beginning in February of 2008 with "Kirby," who was actually U.S. Immigration and Customs Enforcement Special Agent Kevin Laws acting in an undercover capacity as the father of a six-year-old boy and a seven-year-old girl. These chats allegedly detail Felton's desire and eventually his plan to travel to Alaska to have sexual relations with Kirby's six-year-old boy. (Doc. 1-1). Felton arrived in Anchorage on November 16, 2009 pursuant to his planned itinerary and was arrested shortly after his arrival.

In this motion to dismiss filed at Docket 31, Felton asks the Court to rule that the indictment fails to state an offense because it does not allege that Felton knowingly engaged in a sexual act, which he asserts is a required element of 18 U.S.C. § 2241(c). Because Felton believes that the indictment lacks an essential element of the crime charged, he asks that the indictment be dismissed under Federal Rule of Criminal Procedure 7(c)(1) and 12(b)(3)(B).

The Government opposes the motion. It argues that 18 U.S.C. § 2241(c) does not require that a defendant knowingly engaged in a sexual act. It bases its argument in opposition on the plain language of the statute, as well as on the Ninth Circuit's Model Jury Instruction for the crime of Attempted Aggravated Sexual Abuse of a Child, which sets forth the elements of § 2241(c).

## II. DISCUSSION

### A. Statutory Construction

As discussed above, Felton is charged with violating 18 U.S.C. § 2241(c). Section § 2241(c) reads as follows:

> Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) [use of force or threats] and (b)[rendering the victim unconscious or causing the victim to become intoxicated] with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life. If the defendant has previously been convicted of another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the

defendant shall be sentenced to life in prison.

18 U.S.C. § 2241(c). Felton argues that the allegations in the indictment do not support a charge under § 2241(c), which carries a minimum penalty of thirty years. Instead, Felton asserts that the allegations in the indictment would support a charge under 18 U.S.C. §2423(b), which has no mandatory minimum sentence. That statute states as follows:

> A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(b). He argues that his alleged conduct should not be charged under the harsher § 2241(c). He believes the harsher sentence only makes sense if an actual sexual act had occurred.

Felton also points out that when 18 U.S.C. § 2241(c) was initially created in 1986, the statute did not include the clause about crossing state lines with intent. It read as follows:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined under this title, imrprisoned for any term of years or life, or both.

18 U.S.C. § 2241(c) (1986) (Def. Ex. E at Doc. 32-3 p. 2). Felton argues that this statute, as initially drafted had a "subject–jurisdiction–offense–punishment" structure and that it required a knowing sexual act in order for a conviction. The statute was amended in 1996 to include the crossing state lines clause at issue in this motion. Felton argues that based on the history and structure of the statute, the added clause, "crosses a state line with intent to engage in a sexual act with a person who has not attained the age of 12 years," was only intended to increase the scope

of federal jurisdiction and was not intended to create another offense punishable under the statute. Felton adds that the statute was amended in 2006 to impose a 30-year mandatory minimum and argues that based on comments from some of the legislators in support of the 2006 amendment this harsh sentence was only meant to apply to actual sexual abuse and not just inchoate crimes like crossing a state line with intent.

After due consideration of Felton's arguments, this Court rejects his interpretation of 18 U.S.C. § 2241(c). This Court starts by simply looking at the plain language of the statute. Dean v. United States, __ U.S. __, 129 S.Ct. 1849, 1853 (2009) (stating that when interpreting a statute a court should start with the language of the statute and resist reading words or elements into a statute that do not appear on its face). Based on the language, it is clear that a violation of § 2241(c) can be committed in a four ways:

1) By crossing a state line with the intent to engage in a sexual act with a person who has not attained the age of twelve; or

2) Knowingly engaging in a sex act with a person under the age of twelve in a special or maritime jurisdiction of the United States, or in federal prison or prison housing federal prisoners pursuant to a contract; or

2) Engaging in the sexual abuse of a 12 to 15-year-old person at least four years younger through either force or threats or by rendering the victim unconscious or causing the victim to become intoxicated while being in a special or maritime jurisdiction of the United States, or in federal prison or prison housing federal prisoners pursuant to a contract;

4) or by an attempt to do so.

This Court finds that the addition of the language "crosses a State line with intent to engage in a

sexual act with a person who has not attained the age of 12 years," was not meant to be just another jurisdictional basis for the prosecuting someone who knowingly engages in a sexual act, but was also meant to create a punishable offense under the statute. In other words, the clause is a punishable offense that contains a jurisdictional basis.

Felton's argument that the jurisdictional elements appear in § 2241 at the beginning of the statute and that the offenses should only come after such jurisdictional elements is unavailing. Felton argues that if the Government's reading of the statute were correct, there should be more subjects listed in the statute (i.e., the word "whoever" should be inserted before each of these clauses) but this Court finds no support for that conclusion. The statute just does not read that way. The first word "whoever" is the subject and the following clauses are adjective phrases that modify whoever and specify who will be punished under the statute. If Congress had intended to require that a person can only be charged under § 2241(c) for crossing the state line with the requisite intent if they also knowingly engaged in a sexual act after crossing that state line, it would have said so, as it did in the other two clauses that follow. Dean, 129 S.Ct. at 1854 (stating that where Congress includes certain language in one part of the statute but omits it in another section, it is generally presumed that Congress acted purposefully in the exclusion).

It is true that Felton could have been charged under 18 U.S.C. § 2423(b), which prohibits the crossing of state lines with intent to engage in illicit sexual conduct with another person, and thus could have been subject to lesser penalties. But that fact does not convince this Court that 18 U.S.C. § 2241(c) must therefore require an actual sexual act to justify the higher penalties. See United States v. Lande, 968 F.2d 907, 912 (9th Cir. 1992) ("[T]hat two criminal statutes 'provide[ ] different penalties for essentially the same conduct is no justification for taking

liberties with unequivocal statutory language.'" (quoting United States v. Batchelder, 442 U.S. 114, 121-22 (1979))) . The higher penalty for a violation of § 2241(c) is certainly based on the fact that the intended victim under § 2241(c) must be under twelve and, as stated by the Government in its opposition, "Congress could have rationally concluded that sexual predators who travel across state lines to have sex with extremely young children pose a particularly serious threat, and should face particularly harsh punishment." (Doc. 64 at 17). Section 2423(b) could be considered a lesser included offense of § 2241(c). United States v. DeCarlo, 434 F.3d 447 (6th Cir. 2006) (concluding that the count under § 2423(b) was a lesser included offense to the 2241(c) count). But that does not mean Felton cannot be charged under the more severe statute. United States v. Edmonson, 792 F.2d 1492, 1497 (9th Cir. 1986) (stating that where "conduct violates more than one criminal statute the government may generally elect which statute it wishes to charge").

Felton asks the Court to consider the title of the statute, which is aggravated sexual abuse. He argues that commonsense dictates that without a sexual act as part of the crime it cannot be considered aggravated sexual abuse. He argues that under § 2423(b), which is the other statute he could be charged under, the title—Transportation of minors: Travel with intent to engage in illicit sexual conduct—is more fitting to the conduct at issue in his case. But the fact that § 2241(c) specifically applies to intended victims who are under twelve is enough for Congress to rationally include it under aggravated sexual abuse. Felton also wants this Court to note that the harsh sentence here does not make sense in light of other more heinous crimes that have more lenient sentences. But this Court concludes that such sentencing policy concerns should not dictate its ruling in light of the fact that the statutory text is clear. See United States v. Rich, 603

F.3d 722 (9th Cir. 2010) (stating "abstract policy concerns cannot trump statutory text").

Felton also quotes from the legislative history surrounding the statute in support of his argument that § 2241(c) should only be applied to people who knowingly engage in sexual abuse. However, this Court notes that the legislative history does not need to be referenced in this case because this Court believes the statutory language is sufficiently clear. United States v. Gonzales, 520 U.S. 1, 6 (1997). Regardless, even upon review of the quotations cited by Felton, this Court cannot find that Congress *only* intended to add a jurisdictional basis to the statute when it added the phrase, "crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years." Indeed, as the Government points out in its opposition, the legislative history does not clearly fall in favor of Felton's argument and other legislative history suggests that Congress purposefully kept that language in §2241(c) as more than just a jurisdictional basis. See Protection of Children from Sexual Predators Act of 1998, Pub.L. 105-314, 112 Stat. 2974 (where Congress struck duplicative language in § 2243(a) in order to eliminate a redundancy between that statute and § 2241(c), which undercuts Felton's claim that Congress intended that language to be merely a jurisdictional basis and that § 2241(c) requires an actual sexual act).

**B. Ninth Circuit Model Jury Instruction**

This Court rejects Felton's interpretation of the statute not just based on its own reading of the statute but also based upon Ninth Circuit law. Although there is no case explicitly addressing this issue of how to interpret the first part of § 2241(c), there is a Model Jury Instruction to guide this Court's decision. Model jury instructions that are not disavowed by a court are considered a court's ruling on a question of law. Virginia v. Black, 538 U.S. 343, 364

(2003).

Felton cites to Rule 8.137 of the 2003 Ninth Circuit Manual on Model Criminal Jury Instructions. That jury instruction is for Aggravated Sexual Abuse of a Minor under § 2241(c). One of the elements of the offense listed in that instruction is that the defendant must have knowingly engaged in sexual act with a minor. However, the subsequent rule listed in the 2003 manual is the jury instruction for *Attempted* Aggravated Sexual Abuse of Minor. That instruction does not require such an element. Instead, it requires the Government to prove the following elements:

1) that the defendant intended to engage in a sexual act with [victim];
2) that [victim] was under the age of twelve years;
3) that the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step; and
4) the offense was committed [located stated in indictment].

Ninth Circuit Manual of Model Criminal Jury Instructions 8.138 (2003).

However, this Court notes that a newer version of the model rules was issued in July of 2010. Under the 2010 rules, instruction 8.169 governs Attempted Aggravated Sexual Abuse of Minor. Unlike the 2003 instruction, it includes that first clause in § 2241(c), which is at issue in this case. It requires the defendant to prove:

1) that the defendant intended to engage in a sexual act with [name of victim];
2) that [name of victim] was under the age of twelve years;
3) that the defendant did something that was a substantial step toward committing the crime; and

4) [the defendant crossed a state line with the intent to engage in a sexual act with a person who was under the age of twelve years] [the offense was committed at (specify place of federal jurisdiction)]

Ninth Circuit Manual of Model Criminal Jury Instructions 8.169 (2010).

This instruction includes no element of actual sexual contact. A defendant commits the crime of attempted aggravated sexual abuse under § 2241(c) if he travels interstate with the intent to engage in a sexual act with a child under the age of twelve and then takes a substantial step towards committing the crime. He does not need to have knowingly engaged in a sexual act with a person under twelve. The jury instruction demonstrates that crossing a state line with the requisite intent is not just the jurisdictional basis but can be the substantive offense as long as there is some substantial step towards commission of that crime, but that step does not have to be a knowing sexual act. See United States v. Goetzke, 494 F.3d 1231, 1235 (9th Cir. 2007) (finding that a substantial step is taken if the defendant's conduct (1) advances the criminal purpose charged, and (2) provides some verification of the existence of that purpose). Cf. United States v. Murrell, 368 F.3d 1283 (11th 2004) (finding that a substantial step was taken towards the commission of § 2422(b)—inducement of a minor to engage in illicit sexual acts—when the defendant made explicit statements, traveled two hours to another county to meet a minor girl, and carried a teddy bear, $300 cash, and a box of condoms upon his arrival at the meeting site). The jury instruction is considered the Ninth Circuit's ruling on the legal question of what the elements of § 2241(c) should be. Virginia v. Black, 538 U.S. 343, 364 (2003).

Felton cites to United States v. Etimani, 328 F.3d 493, 503 (9th Cir. 2003) for the proposition that a necessary element for a conviction under § 2241(c) is the commission of a

sexual act. In that case, the court was considering the last sentence of § 2241(c), which provides for sentence enhancement if the defendant has prior conviction under the statute or similar state statute. The court determined that the defendant's prior conviction under California state law for lewd and lascivious conduct upon a child was not a predicate offense to justify the sentence enhancement. It concluded this because the California law allowed conviction for a sexual act (skin-to-skin touching) or for improper touching over the clothes. The court concluded that the California statute is dissimilar to § 2241(c) because it does not require skin-to-skin contact like § 2241(c). However, that case was not an explicit holding about whether proof of a sexual act is needed to convict under § 2241(c). The court was only examining a sentence enhancement issue and did not set forth an analysis as to the specific elements of § 2241(c) It also did not hold that an actual sex act must occur in connection with interstate travel and it did not discuss whether § 2241 allows for prosecution of attempted aggravated sexual abuse when a person crosses a state line with requisite intent. See Comment to Ninth Circuit Manual of Model Criminal Jury Instructions 8.169 (2010) (stating that the Committee has not found any Ninth Circuit case explicitly holding that proof of a sexual act is an element of the offense under the first clause of 18 U.S.C. § 2241(c) but noting the ruling in Etimani). Therefore, Ninth Circuit has not disavowed the instruction in 8.169.

The Court concludes the same as to United States v. Juvenile Male, 590 F.3d 924, 927 (9th Cir. 2010), another case cited by Felton. In that case the court was determining whether the registration requirements of the federal Sex Offender Registration and Notification Act could be retroactively applied to a state juvenile adjudication for a sex offense. The court noted that § 2241(c) defines knowingly engaging in a sexual act with a person under twelve as aggravated

sexual abuse. But it did not say that anything short of that could not constitute aggravated sexual abuse or attempt thereof. The case does not explicitly hold that proof of a sexual act is an element of the offense under the first clause of § 2241(c). Thus the instruction governs.

**C. Rule of Lenity and Constitutional Avoidance**

Felton argues that the Court should apply the rule of lenity and interpret the statute in his favor. The rule of lenity states that any ambiguity in a criminal statute should be resolved in favor of the criminal defendant subjected to it. United States v. Nader, 542 F.3d 713, 721 (9th Cir. 2008). Because most statutes are ambiguous to some degree, the Supreme Court has stated that "[t]he simple existence of some statutory ambiguity, . . . is not sufficient to warrant application of [the rule of lenity]." Dean, 129 S.Ct. at 1856 (quoting Muscarello v. United States, 524 U.S. 125, 138 (1998)). "The mere possibility of articulating a narrower construction, . . . does not by itself make the rule of lenity applicable." Smith v. United States, 508 U.S. 223, 239 (1993). Instead, "the rule of lenity applies only when the statutory language contains grievous ambiguity or uncertainty and when, after seizing everything from which aid can be derived, [the court] can make no more than a guess as to what Congress intended." United States v. Banks, 514 F.3d 959, 968 (9th Cir. 2008) (internal quotations and citations omitted).

As stated above, this Court concludes that the elements of § 2241 are clear and the statute is not grievously ambiguous. The Court does not have to guess as to what Congress intended with the first clause of § 2241. Therefore, the rule of lenity does not apply.

Finally, Felton argues that the doctrine of constitutional avoidance also applies in this case and that the Court should rule in his favor to avoid an Equal Protection and Eighth Amendment problem. Under the doctrine of constitutional avoidance, "[a] statute must be

construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." Almendarez-Torres v. United States, 523 U.S. 224, 237 (1998) (internal quotations and citation omitted). In other words, if there is grave doubt as to a statute's constitutionality, the Court must determine whether a construction of the statute is possible by which the question may be avoided. Zadvydas v. Davis, 533 U.S. 678, 689 (2001) (quoting Crowell v. Benson, 285 U.S. 22 (1932)).

This Court concludes that the doctrine of constitutional avoidance does not apply in this case. First, § 2241 does not present Equal Protection issues if applied to Felton's alleged conduct. All defendants similarly situated to Felton—that is, charged with traveling across state lines with the intent to have sex with children under twelve—are subject to prosecution under § 2241 and to the same penalties under § 2241. The fact that such conduct could also be charged under § 2423(b) and thus subjected to a lesser sentence does not make the application of § 2241(c) to Felton's alleged conduct a violation of equal protection. The Government can generally choose which statute to charge a defendant under where the conduct violates more than one criminal statute. Edmonson, 792 F.2d at 1497. See also Hunter v. United States, 73 F.3d 260, 262 (9th Cir. 1996) ("[T]he Constitution does not forbid making the same conduct illegal under two statutes, and the government is permitted to prosecute under either one.").

Second, the mandatory minimum sentence of thirty years as applied to Felton's alleged conduct does not violate the Eighth Amendment's protection against cruel and unusual punishment. Felton states that thirty-years imprisonment is grossly disproportionate to the crime alleged, which does not include an actual sexual act, and thus the application of § 2241 to him violates the Eighth Amendment. But, as the Government notes, courts have upheld longer

sentences for other crimes that could be considered less severe in nature. For example, in Hutto v. Davis, 454 U.S. 370, 375 (1982) (per curiam), the Supreme Court upheld a 40-year sentence for a marijuana offense against an Eighth Amendment challenge. In United States v. Meiners, 485 F.3d 1211, 1213 (9th Cir. 2007) the Ninth Circuit upheld a 15-year mandatory minimum sentence imposed upon a defendant who pled guilty to four counts of advertising child pornography and one count of child pornography possession against an Eighth Amendment challenge. Indeed, the Supreme Court has cautioned that "federal courts should be reluctant to review legislatively mandated terms of imprisonment." Ewing v. California, 538 U.S. 11, 22 (2003). "[S]uccessful challenges to the proportionality of particular sentences should be exceedingly rare.'" Id.

This Court cannot conclude that allowing prosecution under § 2241 for Felton's alleged conduct constitutes cruel and unusual punishment in violation of the Eighth Amendment. Therefore, there is no need to rule in favor of Felton under the doctrine of constitutional avoidance.

## III. RESPONSE TO OBJECTIONS

This Court filed its initial recommendation at Docket 88. Felton filed his objection to the recommendation at Docket 100. In the objection, Felton objects to this Court's legal conclusion and reasserts his argument that the conduct alleged in the indictment does not constitute a violation of 18 U.S.C. § 2241(c). He cites to United States v. Etimani, 328 F.3d 493 (9th Cir. 2003) in support of his argument that the text of § 2241(c) is ambiguous and that actual sexual contact is a required element of the crime. This Court has already address Etimani in the recommendation and does not alter its analysis.

Felton's objection also addresses the Ninth Circuit's model jury instruction for an attempted violation of § 2241(c). Felton points out one sentence in this Court's recommendation, which acknowledges, based on the Ninth Circuit jury instruction, that an attempted violation of § 2241(c) requires travel with the requisite intent as well as a substantial step towards committing a crime. He argues that based on this sentence the Court concluded that travel with intent is not sufficient for a conviction. He argues that the Government failed to allege any substantial step and thus the indictment is insufficient. Indeed, a substantial step must be proven at trial, but this Court did not make a finding of what that substantial step must entail or whether the specific circumstances surrounding Felton's travel in this case could amount to a substantial step. Those are issues for the trier of fact. The evidence detailing Felton's travel and the items he brought with him could be considered evidence that a substantial step was taken. See Goetzke, 494 F.3d at 1235 (finding that a substantial step is taken if the defendant's conduct (1) advances the criminal purpose charged, and (2) provides some verification of the existence of that purpose). But that determination is for the jury and this Court concludes that the indictment is sufficient.

This Court has considered Felton's objection but declines to alter its recommendation in any manner.

/ / /

/ / /



Case 3:09-cr-00124-RRB Document 102 Filed 04/11/11 Page 14 of 15

## IV. CONCLUSION

This Court concludes that the indictment does not have to include an allegation that Felton knowingly engaged in a sexual act in order to state an offense under 18 U.S.C. § 2241. Thus, this Court respectfully recommends that Defendant's Motion to Dismiss Indictment at Docket 31 be DENIED.

DATED this 11th day of April, 2011, at Anchorage, Alaska.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge